IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTRELL D. S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:22-CV-3839-TWT-CMS |

**OPINION AND ORDER**

This is an action seeking judicial review of a decision of the Commissioner denying the Plaintiff's application for Social Security benefits. It is before the Court on the Report and Recommendation [Doc. 18] of the Magistrate Judge recommending that the Commissioner's final decision be REVERSED, and that Plaintiff's application be REMANDED to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner has filed Objections to the Report and Recommendation. A claimant may present new evidence during any stage of the Social Security administrative process, including before the Appeals Council. *See* 20 C.F.R. § 404.900(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. § 416.1470(b). The Appeals Council, however, will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing

decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). New evidence is material if there is a reasonable probability that it would change the administrative result. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)1; see also Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987) (addressing a motion to remand for consideration of new evidence under the former version of the regulations). New evidence is chronologically relevant if "[it] relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(b). To obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole. Ingram, 496 F.3d at 1266-67. Whether evidence submitted to the Appeals Council "is new, material, and chronologically relevant is reviewed de novo" by the district court. Yates v. Comm'r of Soc. Sec., 706 F. App'x 588, 594 (11th Cir. 2017).

The Appeals Council stated that the "additional evidence does not relate to the period at issue" and that it therefore did not "affect the decision about whether [the Claimant was] disabled beginning on or before January 26, 2022." It therefore appears that the Appeals Council declined to consider the new evidence solely based on its belief that the new evidence post-dated the ALJ's decision. Nurse Practitioner Brill's questionnaire is unquestionably new evidence because it did not exist at the time of the ALJ's decision. The

2

Magistrate Judge correctly held that good cause existed for Plaintiff's failure to present the questionnaire to the ALJ, given that the questionnaire did not exist before the ALJ issued her decision. She also correctly concluded the questionnaire is noncumulative because it is the only functional assessment in the record completed by an examining or treating provider, and the ALJ found that the two opinions in the record from non-examining state agency consultants were not persuasive. She also correctly concluded that even though Brill's questionnaire post-dates the ALJ's decision, it is still chronologically relevant. Nurse Practitioner Brill based her opinions on Plaintiff's medical records from the period before the ALJ's decision and on her personal examinations and treatment of Plaintiff over the period from October 2019 to March 2022. Nurse Practitioner Brill's findings related to the period in question because they express limitations associated with medical conditions that are well documented in Plaintiff's medical records prior to the ALJ's decision and there is no indication that any increase in limitations is due to the onset of symptoms after the decision.

     The opinions and observations contained in Nurse Practitioner Brill's questionnaire are also material. Newly provided evidence is material if "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Here, Nurse Practitioner Brill opined that Plaintiff's symptoms would frequently interfere with his attention and concentration and would cause him to miss

more than three days of work each month. The Vocational Expert testified that missing work, arriving late, or leaving early two to three times per month would preclude employment. The Magistrate Judge concluded that under these circumstances, there is a reasonable probability that Nurse Practitioner Brill's questionnaire could change the outcome of the disability decision. The Magistrate Judge correctly applied the new evidence standards, and the Commissioner's Objections are therefore overruled. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Commissioner's final decision is REVERSED, and the Plaintiff's application is REMANDED to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

SO ORDERED, this <u>  23rd  </u> day of August, 2023.

_____
THOMAS W. THRASH, JR.
United States District Judge

4