IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTRELL DESHUN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:22-CV-3839-TWT |

**OPINION AND ORDER**

This is a Social Security disability benefits appeal. It is before the Court on the Plaintiff Antrell Deshun Smith's Motion for Attorney Fees [Doc. 26]. For the reasons set forth below, the Plaintiff's Motion for Attorney Fees [Doc. 26] is GRANTED.

**I.**      **Background**

This case began with the Plaintiff's filing of a Title XVI application for supplemental security income in March 2019, with the Plaintiff alleging disability beginning March 7, 2019. [Tr. 137, 232-40]. The Plaintiff suffered gunshot wounds to his head and left leg, leading to right anterior quadrant focal epilepsy with breakthrough seizures and swelling in his left leg. [Tr. 505-06]. The Plaintiff also reported suffering from fatigue, memory loss, cognition difficulties, and frequent headaches. (Pl.'s Br. [Doc. 11] at 3). The Plaintiff's claim for benefits was denied both initially and on reconsideration. [Tr. 150-54, 159-63]. The Plaintiff requested a hearing with an ALJ, and

following the hearing, the ALJ issued an unfavorable decision in January 2022. [Tr. 165, 24-36, 43-95]. The Plaintiff requested review of the ALJ's decision by the Appeals Council, who denied his request for review in August 2022, making the ALJ's decision final. [Tr. 229-30, 1-7]. The Plaintiff then filed the present action.

The Plaintiff raised two issues in his appeal to this Court, but only the first is relevant to this Motion. The Plaintiff argued that the Appeals Council erred by finding new evidence he submitted after the hearing not chronologically relevant and by declining to review the ALJ's decision. (Pl.'s Br. at 3-17). This new evidence consisted of a physical impairment questionnaire that the Plaintiff's provider Nurse Practitioner Brill completed in March 2022, after the ALJ hearing. [Tr. 10-13]. In the questionnaire, Brill explained that she had seen the Plaintiff every six months since October 2019 and that she had diagnosed him with epilepsy secondary to traumatic brain injury, which was accompanied by a multitude of symptoms. [*Id.* at 10-11]. Brill cited an abnormal CT scan and her examination as support for her findings and indicated that Plaintiff's impairments could be expected to last at least twelve months and were severe enough to interfere with his ability to concentrate. [*Id.* at 11]. Brill also concluded that the Plaintiff did not have the ability to work on a full-time basis due to his seizures, the side effects from his medications, and his difficulty with sleeping and maintaining attention. [*Id.* at 12]. Additionally, the Plaintiff submitted treatment notes from a visit with

Brill in March 2022, during which he stated he suffered from two seizures in February and one in March of 2022 despite not missing any doses of his medication. [*Id.* at 14-18]. In denying the Plaintiff's request for review, the Appeals Council found that because the ALJ had decided his case through January 26, 2022, the new evidence "[did] not relate to the period at issue" and therefore [did] not affect the decision about whether [he] was disabled beginning on or before January 26, 2022. [*Id.* at 1-4].

The Commissioner took the position that, even if Brill's March 2022 questionnaire and exam notes related to the period at issue, the evidence did not create a reasonable probability of changing the ALJ's decision and, therefore, substantial evidence supported the Appeals Council's denial of review. (Def.'s Br. at 8-13). In her Report and Recommendation ("R&R"), the Magistrate Judge summarized the medical evidence in the record. (R&R [Doc. 18], at 5-10). Turning to the new evidence issue, the Magistrate Judge found that the Appeals Council erred by basing its decision not to consider the new evidence solely on its belief that the new evidence post-dated the ALJ's decision. (*Id.* at 20). Instead, the Magistrate Judge explained, Brill's questionnaire and exam notes related to the period at issue because Brill based her opinions on the Plaintiff's medical records and her personal examinations and treatment of him over the period of October 2019 to March 2022. (*Id.* at 22-23). Further, the Magistrate Judge found a reasonable probability that consideration of the new evidence would change the outcome of the decision

3

because Brill opined that the Plaintiff's symptoms would frequently interfere with his concentration and cause him to miss work more than three days per month, but the vocational expert testified at the hearing that missing work two to three times per month would preclude employment. (*Id.*). Accordingly, the Magistrate Judge recommended remanding this action to the Commissioner for consideration of the new evidence. (*Id.* at 24-25).

## II.   Legal Standards

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees in cases brought against the United States as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA also provides that a fee award:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "To be substantially justified under the EAJA, the government's position must be justified to a degree that could satisfy a reasonable person . . . the government's position must have a reasonable basis

4

both in law and fact." *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 Fed. App'x 833, 834 (11th Cir. 2014) (quotation marks and citation omitted). In assessing the government's position, the Court considers both its prelitigation and litigation positions. 28 U.S.C. § 2412(d)(2)(D). It is the government's burden to show that its position was substantially justified, and the outcome of the plaintiff's appeal is not dispositive of that issue. *Monroe*, 569 Fed. App'x at 834-35.

### III. Discussion

The Plaintiff moved for attorney's fees under the EAJA for 52.54 hours of work, plus 3.75 hours for his reply brief, totaling $13,175.23. (Pl.'s Mot. for Atty's Fees, at 1; Pl.'s Br. Reply in Supp. of Mot. for Atty's Fees, at 12). The Commissioner opposes the request, arguing that the Plaintiff is not entitled to an award of fees under the EAJA because his position in adjudicating and litigating the Plaintiff's case was substantially justified. (Def.'s Br. in Opp. to Mot. for Atty's Fees, at 3-9). Specifically, the Commissioner contends that he reasonably argued that the new evidence did not relate to the period at issue and, even if it did, the evidence did not create a reasonable probability of changing the ALJ's decision. (*Id.*). In the alternative, the Commissioner requests a reduced fee award because the hours requested by the Plaintiff are excessive. (*Id.* at 9-15). In response, the Plaintiff argues that the Commissioner's position was not substantially justified because the Appeals Council failed to properly consider the new evidence under the applicable

regulations when it denied his application for review. (Pl.'s Reply in Supp. of Mot. for Atty's Fees, at 5-7). The Plaintiff also asserts that the Commissioner relied on post hoc rationale for why the new evidence would not have changed the ALJ's decision. (*Id.* at 6-7). Finally, the Plaintiff argues that his requested hours were not excessive. (*Id.* at 7-12).

As an initial matter, neither side disputes that the Plaintiff was a prevailing party in this matter within the meaning of 28 U.S.C. § 2412(d)(1)(A), and the Commissioner does not argue that special circumstances would make an award under the EAJA unjust. Therefore, the Court will address only whether the Commissioner's position was substantially justified. The Court finds that the Commissioner's position in this action was not so justified.

20 C.F.R. § 416.1470(a)(5) states that for the Appeals Council to consider newly submitted evidence, the evidence must, *inter alia*, "relate[] to the period on or before the date of the hearing decision." As the Magistrate Judge pointed out, the Appeals Council here rejected consideration of Brill's March 2022 questionnaire and exam notes solely because this evidence post-dated the January 26, 2022 hearing. [Tr. At 8]. Although the Commissioner is correct that the Appeals Council was not required to provide a detailed explanation as to why it rejected the evidence, *see Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852-53 (11th Cir. 2015), it was not permitted to apply an improper standard in rejecting it. *Bowen v. Heckler*, 748 F.2d 629, 635-36 (11th Cir. 1984). Without a doubt, the new evidence the Plaintiff submitted

"relate[d] to" the period at issue—namely, whether the Plaintiff was disabled prior to January 26, 2022. Brill's physical impairment questionnaire outlined the Plaintiff's diagnosis and treatment with her dating back to October 2019, and was especially persuasive given that she treated him every six months thereafter. [Tr. 11-14]. She also gave her opinions as to whether the Plaintiff could perform any work tasks and why or why not during the time she had treated him. [*Id.*]. Thus, the Commissioner's argument that the Appeals Council properly declined to consider the new evidence under the applicable standards did not have a reasonable basis in the law, as the regulation does not permit the Appeals Council to reject evidence based solely on it being post-dated to the ALJ's hearing. *Monroe*, 569 Fed. App'x at 834.

Further, the Commissioner's position that consideration of the new evidence would not have reasonably changed the outcome is not substantially justified. As the Court previously found, Nurse Brill's opinions that the Plaintiff's symptoms would frequently cause him to miss work more than three days per month juxtaposed the vocational expert's testimony at the hearing that missing work two to three times per month would preclude employment. (Order Adopting R&R, at 3-4). Thus, the Commissioner's position as to this prong of the 20 C.F.R. § 416.1470(a)(5) standard did not have a reasonable basis in fact. *See Monroe*, 569 Fed. App'x at 834 For these reasons, the Commissioner has failed to carry his burden of showing that his position on

7

the issue that the Plaintiff ultimately prevailed on was substantially justified.[1] *Id.* The Plaintiff is entitled to an award of fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

The EAJA permits recovery only of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Reasonable attorney's fees include an assessment of "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Attorneys are not entitled to fees under EAJA "for work which could have been done by support staff." *Morris v. Comm'r of Soc. Sec.*, 2018 WL 6472657, at *3 (M.D. Fla. Dec. 10, 2018); *Norman v. Hous. Auth.*, 836 F.2d 1292, 1306 (11th Cir. 198). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

First, the Court notes that Plaintiff's counsel exercised good business judgment by declining to bill the Commissioner for clerical tasks performed by his paralegal in this case. (*See* Mot. for Atty Fees, Ex. 2 at 3-4). However, the Court must reduce counsel's requested 52.54 hours by .3 hours for including

---

[1] The Commissioner makes several arguments defending its positions on other issues in the case, but the Court need only address the new evidence issue that warranted remand as that is the only issue addressed on the merits in the R&R.

8

an ECF filing task that is not compensable. (*Id.* at 3 ¶ 24); *Morris*, 2018 WL 6472657, at *3. Second, the Court does not find support in the law for the Commissioner's contention that Plaintiff's counsel's 2.5 hours spent reviewing the case prior to filing initiation documents is not compensable under the EAJA. In *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), the case relied on by the Commissioner, the Supreme Court recited its prior precedent addressing whether attorneys could claim EAJA fees for time spent in administrative proceedings following a remand by the district court. *Id.* at 95-97. That is not the procedural posture of this case. The Court cannot expect Plaintiff's counsel to begin his work by filing case initiation documents without first doing any due diligence to educate himself on the underlying proceedings and issues involved in the case, particularly in a case that involved a 1,266-page transcript. Those hours represent "work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins*, 847 F.2d at 738.

Third, the Commissioner's argument that Plaintiff's counsel billed excessive hours for preparing his briefs is without merit. This case had a lengthy transcript, the Plaintiff's opening brief was 28 pages, and contrary to the Commissioner's description, the brief included helpful citations to the record and medical evidence along with legal research and analysis. Plaintiff's counsel raised two thoughtful arguments and the fact that the Court only needed to address one to find remand warranted is irrelevant. In *Lewis v.*

9

*Colvin*, 2017 WL 2350211, at *2 n.1 (N.D. Ga. Mary 31, 2017), a case relied on by the Commissioner, the Court found 20.8 hours spent drafting an opening brief and 8 hours spent on a reply brief to be reasonable where the opening brief was 25 pages, and the transcript was only 856 pages. It certainly seems reasonable, then, for Plaintiff's counsel to have spent nearly a third more time drafting a lengthier brief based on a transcript that was nearly a third longer. "As claimant ultimately prevailed in this case by obtaining a remand for further proceedings, the Court finds that claimant's counsel did not spend an unreasonable amount of time on the arguments presented in [his] initial and reply briefs." *Tonya A. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 16709178, at *3 (N.D. Ga. July 11, 2022). Moreover, this Court has awarded EAJA fees for higher hours than Plaintiff's counsel here requests. *See, e.g., id.* at *1, 3 (finding a total of 63.50 hours reasonable where the transcript was 1,800 pages); *Annie O. v. Kijakazi*, 2022 WL 16955466, at *2 (N.D. Ga. Jan. 21, 2022) (finding 57 attorney hours reasonable). The Court will not reduce Plaintiff's counsel's requested fees here on this ground.

Finally, the Court must address the reasonableness of the hourly rate requested by Plaintiff's counsel. Plaintiff's counsel requests (and the Commissioner does not oppose) an hourly rate of $234.06. Courts routinely award fees at a rate above the statutory $125 per hour cap set by Congress in 1996 due to the increase in the cost of living since that time, and typically do so using the Bureau of Labor's All Items Consumer Price Index for All Urban

Consumers ("CPI-U"). *See, e.g., Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 890-91 (11th Cir. 2007). "[T]he statutory cap may be adjusted using the following formula: (statutory cap) x ((CPI-U for the month the services were provided) / (CPI-U for the month the statutory cap was established))." *Jock W. v. Comm'r, Soc. Sec. Admin.*, 2023 WL 11857713, at *2 (June 6, 2023). In March of 1996, when the $125 cap was established, the CPI-U was 155.7.[2] In April 2023, the temporal midpoint for the September 2022 to November 2023 period in which the Plaintiff's counsel provided services, the CPI-U was 303.363. *See id.* at *2 (applying a midway point for a reasonable hourly rate when work spanned a monthslong period). Applying the formula, the statutory cap adjusted for cost-of-living increases would be $243.55 ($125 x (303.363/155.7)). Therefore, the Court finds the $234.06 per hour requested by Plaintiff's counsel to be a reasonable, appropriate rate. Taking the 52.54 total attorney hours expended by Plaintiff's counsel, plus the additional 3.75 hours expended drafting his reply to the Motion for Attorney's Fees, and subtracting .3 hours for non-compensable clerical tasks, the resultant fee award is $13,105.02.

  The Court notes that the Plaintiff's counsel requests the fee to be paid directly to him as a result of an assignment by the Plaintiff. However, pursuant to 31 U.S.C § 3727(b), "[a]n assignment may be made only after a claim is

---

[2] U.S. Bureau of Lab. Stats., *Historical CPI-U*, https://www.bls.gov/cpi/tables/supplemental-files/historical-cpi-u-202406.pdf (last visited Aug. 6, 2024).

allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Therefore, no such assignment can be made before the Court enters the award, and the Court is obligated to make the Plaintiff's EAJA award payable in his name only. *See also Morris*, 2018 WL 6472657, at *4 ("Any agreement between the parties as to payment of this judgment is outside the purview of the Court. . . . The parties may make whatever collection arrangements that they wish to, but the Court will not order the government to reimburse counsel directly.").

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Attorney Fees [Doc. 26] is GRANTED. The Commissioner is ORDERED to pay the Plaintiff attorney fees in the amount of 13,105.02, subject to any offset due to debt owed by the Plaintiff to the United States, within 30 days of the date of this Order.

SO ORDERED, this   13th   day of August, 2024.

THOMAS W. THRASH, JR.
United States District Judge